VIRGINIA:

IN THE CIRCUIT COURT OF HAMPTON  Part 3

| | |
|---|---|
| MAWUSI SCOTT PROPERTIES, LLC<br>3221 Commander Shepard Blvd,<br>Hampton, VA, 23666<br><br>    Plaintiff<br><br>vs.<br><br>MAIN STREET AMERICA ASSURANCE<br>COMPANY<br>4601 Touchton Road East<br>Jacksonville, Florida<br><br>Serve:  Registered Agent<br>Corporation Service Company<br>100 Shockoe Slip Fl2<br>Richmond, VA 23219-4100<br><br>    Defendant | Case No.: CL22-1757<br><br>Jury Trial Demanded |

## COMPLAINT

NOW COMES Mawusi Scott Properties, LLC, a Virginia limited liability company ("Mawusi Scott," "Plaintiff," or the "insured"), by and through counsel, and files its Complaint against Defendant, Main Street America Assurance Company ("Defendant" or the "insurer"), and in support thereof states as follows:

### PARTIES

1.  Plaintiff, Mawusi Scott Properties, LLC, is a Virginia Limited Liability Company, whose principal place of business is located in Hampton, Virginia.

2. Defendant, Main Street Assurance Company, is a corporation with its principal place of business in Jacksonville, Florida.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Defendant pursuant to Virginia Code §8.01-328.1(A)(1), (7) because Defendant contracts for the providing of insurance services in the Commonwealth of Virginia.

4. This Court has subject matter jurisdiction pursuant to Virginia Code § 17.1-513 as a civil action to recover monies in excess of $100.

5. Venue over this matter is proper in the Circuit Court for the City of Hampton pursuant to Virginia Code §8.01-262(1) as Defendant has a practical nexus to this forum, in that it regularly transacts substantial business and the cause of action arose, and fact witnesses, and evidence are similarly located herein.

6. Further, the policy of insurance at issue in this case (the "Policy" or "contract of insurance") was delivered by Defendant to Plaintiff covering property herein.

## FACTS COMMON TO ALL COUNTS

7. At all times relevant hereto, Plaintiff procured insurance and has been paying premiums to Defendant in a timely manner following all of its obligations as an insured to be covered in case of need.

8. The property ("Property") insured by Plaintiff is located at 3221 Commander Shepard Blvd., Hampton, Virginia 23666-1598. Plaintiff has also been paying additional premiums for additional Extended Value and Replacement Cost Value (RCV) protection.

9. The Property was covered under Defendant's Policy No. BPG8950D.

10. At all times relevant hereto, Defendant met the definition of and acted as an insurer under Virginia law.

11. Defendant, as Plaintiff's Insurer, has a statutory duty, a regulatory duty, and a contractual duty to treat the Plaintiffs, as Defendant's Insureds, with good faith and fair dealing.

12. Defendant assessed the risk and provided coverage following their evaluation of the Property, and Plaintiff entered into the contract of insurance with the reasonable expectation that, in return for the payment of the premiums, Defendant would abide by the terms of their Policy and pay for any covered losses that may occur.

13. On or about August 4, 2020, the Property suffered extensive damage in excess of the deductibles contained in the Policy.

14. Damages to the roof, exterior, and appurtenances of the Property, from rain, and to the interior through storm created openings, occurred as a result of the ravages of Tropical Storm Isaias ("Isaias"). Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as Isaias passed over the near vicinity of the Property.

15. Said damages are a covered loss under the Policy of insurance issued by Defendant and occurred during the policy period.

16. Plaintiff and/or its agents or assignees timely reported the losses to Defendant and requested coverage under said Policy.

17. In compliance with the Policy terms, Plaintiff began mitigating the loss as soon as possible.

18. Defendant assigned the following claim number to the loss: Claim No.: 01-BPG8950D-100007.

19. Now that Plaintiff has the necessity to seek and utilize insurance benefits for the use of restoring the covered Property, Defendant refuses to indemnify the Plaintiffs for the full damages covered under the Policy.

20. Plaintiff and/or its agents have provided detailed estimates showing the amount of money due under the Policy and cooperated in all respects with the reasonable requests of Defendant.

21. Insurers have a duty to initiate loss adjustment of a property damage claim to an insured property.

22. Defendant's duty to meet all claims handling timelines after the initiation of their loss adjustment have remained in effect at all times.

23. Defendant and their agents knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided.

24. Virginia law provides claims handling timelines are to be strictly construed.

25. Defendant has refused to pay the full amount of money due under the Policy.

26. Despite the failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendants and their agents and consultants to ensure compliance with their duties under the Policy. This cooperation in no way waives Defendant's duties under the law.

27. Defendant was clearly aware of the increasing liability and damage to the Property the longer the claim was delayed. Nevertheless, Defendant continued to unreasonably delay on the payments due, further aggravating and exacerbating the damages.

28. Defendant has chosen to bypass the statutory obligations and their duties willfully, arbitrarily and capriciously under Virginia law.

29. Virginia Code §38.2-209 provides in pertinent part that:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy ... the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the

4

court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy. "Individual," as used in this section, shall mean and include any person, group, business, company, organization, receiver, trustee, security, corporation, partnership, association, or governmental body, and this definition is declaratory of existing policy.

30. Due to the actions of Defendant, in addition to Defendant refusing to pay the full amount of money due under the Policy, Plaintiff has sustained incidental and consequential damages.

31. Due to the actions of Defendant, Plaintiff has been obligated to hire the undersigned counsel and has obligated itself to pay said counsel a reasonable attorneys' fee.

32. All conditions precedent to this suit have been complied with by Plaintiffs or waived by Defendant.

## COUNT I
### Declaratory Judgment

33. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

34. Plaintiff seeks a declaratory judgment finding that Defendant has materially breached the Policy and that Plaintiff has not committed any material breach of the Policy.

WHEREFORE, Plaintiff hereby requests this Court to:

A. Declare that Defendant is in breach of the terms of the Policy; and

B. Declare that Plaintiff has not committed any material breach of the Policy; and

C. Grant any and all further relief as this Court deems appropriate and/or necessary.

## COUNT II
### Breach of Contract

35. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

36. The Policy is a valid and binding contract between the parties.

37. Defendant has failed and refused, and continues to fail and refuse, to pay the full amount of payments as required by the Policy.

38. Currently, Defendant has failed and refused to pay, and continues to fail and refuse to pay, damages due and owing in an amount equal to at least $1,311,547.27 USD.

39. As a direct result of Defendant's breach of the Policy, Plaintiff has suffered damages, plus costs and attorney's fees associated with prosecuting this action.

40. The Plaintiff continues to accrue damages as the result of Defendant's breach.

WHEREFORE, Plaintiff hereby requests this Court to:

A. Declare that Defendant is in breach of the terms of the Policy; and

B. Enter judgment in favor of the Plaintiff and against Defendant in the amount of at least $1,311,547.27 USD; and

C. Grant any and all other relief this Court deems appropriate and/or necessary.

## COUNT III
### Breach of Duty of Good Faith and Fair Dealing

41. Plaintiffs incorporates by reference the above paragraphs as if fully set forth herein.

42. At all times material to the allegations in this Complaint, Defendant has understood the clear contractual obligation to make payments under the Policy for a covered loss.

43. At all times material to the allegations in this Complaint, Defendant was under an affirmative duty both under the Policy and law to fully, fairly, and impartially conduct investigations of the losses claimed, and act in good faith and deal fairly with Plaintiff but has failed to do so.

44. Defendant has dishonestly failed and refused and continues to fail and refuse to pay for the full extent of damages as required under the Policy, thereby forcing Plaintiff to undertake remedial repairs and incur time and expense to preserve the Property.

45. Defendant's continued failure and refusal to comply with his obligations under the Policy is arbitrary and unfair and has caused a substantial burden to the Plaintiff.

46. Defendant is contractually obligated to pay the full amounts due under the Policy and continues to fail and refuse to do so.

47. Defendant's failure to pay the full amount of damages sustained so as to return the Property to its pre-loss condition constitutes a breach of the implied covenant of good faith and fair dealing.

48. As a direct result of Defendant's breach, Plaintiff suffered and continues to suffer damages including, but not limited to additional sums of money for recently discovered damages and damages exacerbated by Defendant's breaches.

49. Currently, Defendant has failed and refused to pay, and continues to fail and refuse to pay, damages due and owing in an amount equal to at least $1,311,547.27 USD.

WHEREFORE, Plaintiff hereby requests this Court to:

A. Declare that Defendant is in breach of the duty of good faith and fair dealings and the terms of the Policy; and

B. Enter judgment in favor of the Plaintiff and against Defendant in the amount of at least $1,311,547.27 USD; and

C. Award the Plaintiff reasonable costs and attorneys' fees, pre- and post-judgment interest, pursuant to Code of Virginia s. 38.2-209 and all other sources; and

D. Grant any and all other relief this Court deems necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted

_____
THOMAS B. MORRISON, ESQUIRE
3930 Walnut Street, Suite 250
Fairfax, VA 22030
(703) 273-1133
(703) 273-0178 facsimile
tbmorrisonlaw@yahoo.com
VA Bar No.: 25874

_____
ANTHONY DiULIO, ESQUIRE
Attorney I.D. No.: 96361
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 568-2900

FILED
2022 JUL 28 AM 8: 57
LINDA BATCHELOR SMITH, CLERK
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON VA